UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                              Case No. 25-44355-nhl

    ISAAC SHOUELA,                         Chapter 11

                    Debtor.
-------------------------------------------------------X

## REPLY AFFIRMATION

John Lehr, an attorney at law duly admitted to practice before this Court, under the penalties of perjury, duly affirms as follows:

1.     I am the managing member of John Lehr, P.C., attorneys for the Eli Shouela a/k/a Elie Shouela (the "Movant"), and as such am fully familiar with the facts of this matter as reflected in the files maintained by my office.

2.     I make this affirmation in response to the Debtor's objection to the Movant's motion to convert this case to chapter 7.

3.     The Court should overrule the Debtor's objection and convert this case to chapter 7 for the reasons set forth herein.

## THE DEBTOR'S OBJECTION IS UNTIMELY

4.     The Debtor's objection was filed less than twenty four hours before the hearing. Local Bankruptcy Rule 9006-1(a)(ii) provides that answering papers must be served so as to be received at least seven days before the hearing date. The late filing is prejudicial to the Movant, in that the limited time to draft a reply may cause errors. Additionally, as a result of the Debtor's late objection, the instant reply is also untimely under Local Rule 9006-1(a)(ii) which provides that reply papers shall be served at least three days prior to the hearing date. Moreover, the Court is unlikely to have time to review the objection and this reply before the hearing, as a result the Court should

consider neither.

## DEBTOR'S COUNSEL DOES NOT HAVE FIRSTHAND KNOWLEDGE OF THE FACTS ALLEGED IN THE OBJECTION

5. Second, while Debtor's counsel makes several factual assertions in the objection, she does not state the basis of her knowledge. Debtor's counsel states in paragraph 7 of the objection that the Debtor "had no preconceived intent or plan to file bankruptcy." This is something only the Debtor could know, and without an affidavit from the Debtor, it should not be considered by the Court.

6. In paragraph 12 of the objection Debtor's counsel states that "The Debtor's liabilities are limited to: mortgages and possible tax obligations. There are no unsecured credit card debts, personal loans, or other liabilities that would justify a need for liquidation under Chapter 7." It is unclear how Debtor's counsel arrived at this statement. There are no schedules filed in the case. The Debtor has apparently refused to sign schedules under the penalty of perjury, or even make the statements that Debtor's counsel is making under the penalty of perjury. Moreover, the claims register in the case shows that the Debtor at minimum owes funds to BMW (Claim No. 1) which one can only assume is a car loan not a mortgage or tax liability, the IRS (Claim No. 2) which appears to be largely unsecured and non-priority, Capital One Bank (Claim No. 3) also unsecured, VW Credit (Claim No. 8) also unsecured, and Ashley Funding Service (Claim No. 9) also unsecured. All these claims without even a bar date.

7. As for counsel's statements concerning Movant's claims, they are actively being litigated by Movant and have at least partly been pending for over four years. Movant's claims may be disputed, but his claims still provide him with standing before this Court as a creditor.

8. Then in paragraph 14 the objection alleges that the Debtor took out a $750,000 mortgage two years ago, the point paragraph 10(ii) was to show the Court that the Debtor is

removing equity from his properties to avoid paying his creditors. There was no pre-existing mortgage on 6223 18th Avenue. The Debtor may have transferred those $750,000 to a third party and may be recoverable by a Chapter 7 Trustee.

9. Additionally, paragraph 16 of the objection, Debtor's counsel correctly asserts that I was mistaken in the motion. The transfer documents do show that there was consideration for the transfer of the property located at 1797 E 22nd Street, and I apologize to the Court for misstating a fact. It was an embarrassing mistake that was not done with any intent to deceive. But then the objection goes on to make assertions about the condition of the property that counsel likely does not have first hand knowledge about, nor is it relevant what the current value of the property is, what matters is what the value was in 2021 when it was transferred by the Debtor, which can be investigated by a chapter 7 trustee.

10. Finally, there has been no bar date set in this case, so the claims register does not provide a full picture of the Debtor's liabilities, only a glimpse. It is respectfully submitted that conversion of the Debtor's case to chapter 7 is in the best interests of the Debtor's creditors (of which Movant is one) and the bankruptcy estate.

WHEREFORE, Movant requests that this Court overrule the Debtor's objection and convert the instant chapter 11 case to one under chapter 7 and grant such other and further relief as this Court deems just and proper.

Dated:  December 10, 2025
        Commack, New York

                                        JOHN LEHR, P.C.
                                        Attorneys for the Movant

                                        By:  s/ John Lehr
                                             John Lehr, Esq.
                                             23 Raybor Road
                                             Commack, New York 11725
                                             (516)200-3523